# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MIGUEL STEPHAN WATTS, II, ) | Case No. 1:25-cv-1579 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | James E. Grimes, Jr. |
| CUYAHOGA COUNTY DOMESTIC ) | |
| RELATIONS COURT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Miguel Stephan Watts, II. filed a civil complaint without a lawyer seeking declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983 against multiple Defendants relating to "domestic relations proceedings and administrative actions" in the domestic relations division of the State court. (ECF No. 1, ¶ 1, PageID #1.) He brings suit against, among others, the Cuyahoga County Domestic Relations Court; Judge Colleen Reali and Magistrates Jason Parker and Ashley Newton, each of whom is a judicial officer of that court; the mother of his children and her attorney.

Instead of paying the filing fee, Mr. Watts submitted an application to proceed *in forma pauperis*. (ECF No. 2.) On his application, Plaintiff simply wrote "0" or "N/A" in response to every question on the form pertaining to his financial circumstances, representing to the Court that he has no income, assets, or expenses of any kind, including for food and housing. The only information he has provided on

his application to proceed *in forma pauperis* is that he is a "minister, not [a] statutory employee, ordained by Universal Life Church." (*Id.*, ¶ 14, PageID #50.)

Pursuant to 28 U.S.C. § 1915(a)(1), a federal court may authorize the commencement of any civil or criminal proceedings or appeal without prepayment of filing fees, by a person who submits an affidavit that includes a statement of income and all assets the person possesses to demonstrate that he is unable to pay the filing fee. Proceeding *in forma pauperis*, however, is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10-cv-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Whether to allow a litigant to proceed *in forma pauperis* is within the discretion of the district court, and an application is properly denied where the litigant fails to provide information concerning his expenses and financial obligations, as required, such that the court may make a determination of his ability to pay the filing fee. *Flippin v. Coburn*, 107 F. App'x 520, 521(6th Cir. 2004).

Plaintiff's application is deficient. It is apparent he has not truthfully and completely filled out his application, and he has not demonstrated that he meets the criteria of poverty. Therefore, the Court **DENIES** his application to proceed *in forma pauperis* and **DISMISSES** this action without prejudice. Should Plaintiff wish to pursue his action, he must file a new complaint in a new case accompanied by the full filing fee of $405 or a complete, truthful application to proceed *in forma pauperis* demonstrating that he meets the criteria of poverty.

One final note. Plaintiff filed an emergency motion for a temporary restraining order (ECF No. 3), seeking an order from the Court enjoining Defendants from enforcing or acting upon existing state "custody [and] child support orders" and "[r]etaining or sharing [his] biometric or identification data" (ECF No. 3-1, PageID #58). Because the Court dismisses this action without prejudice, it does not consider the emergency motion and, therefore, **DENIES** it **AS MOOT**.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies tthat an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: September 4, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3